## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 13 2016, 6:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis Linderman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 13, 2016<br><br>Court of Appeals Case No.<br>49A05-1602-CR-398<br><br>Appeal from the Marion Superior Court.<br>The Honorable Patrick Murphy, Magistrate.<br>The Honorable Angela Dow Davis, Judge.<br>Cause No. 49G16-1511-CM-38856 |

**Shepard, Senior Judge**

[1]     Dennis Linderman appeals his conviction of invasion of privacy, a Class A misdemeanor. Ind. Code § 35-46-1-15.1 (2014). We affirm.

## Facts and Procedural History

Linderman and his wife, Kelly Linderman, were estranged. She obtained a no contact order against Linderman, which he signed in October 2015. Directly above Linderman's signature, the order stated: "I have read the above Order and I understand it. A copy of this Order has been given to me." State's Ex. 1. The order directed Linderman to avoid any contact with Kelly, whether in person, by telephone, or through an intermediary, until "further order of the court." *Id.*

On November 2, 2015, the police were dispatched to Kelly's house to investigate a domestic disturbance. An officer encountered Linderman on the front porch. After speaking with Kelly, the officer determined that she had an active no contact order against Linderman and arrested him.

The State charged Linderman with invasion of privacy and several other misdemeanors. A jury determined he was guilty of invasion of privacy and not guilty of the other charges.

## Issue

Linderman raises one issue: whether there is sufficient evidence to sustain his conviction.

## Discussion and Decision

Linderman claims the State failed to provide sufficient evidence to support his conviction because he "mistakenly and honestly believed" that he was not

violating the no contact order because Kelly invited him to the house. In reviewing a sufficiency, we affirm unless no reasonable trier of fact could have found each of the elements of a crime proven beyond a reasonable doubt. *Smith v. State*, 8 N.E.3d 668 (Ind. 2014). We neither reweigh evidence nor assess the credibility of witnesses. *Id.*

[7] To obtain a conviction for invasion of privacy as charged, the State was required to prove beyond a reasonable doubt that Linderman (1) knowingly or intentionally (2) violated a valid no contact order. Ind. Code § 35-46-1-15.1.

[8] It is undisputed that at all times relevant to this case, there was a valid no contact order in place which prohibited Linderman from contacting Kelly.

[9] As for Linderman's knowledge, Kelly testified that on October 31, 2015, Linderman's son from a prior relationship called her, asking her to call a phone number. When she did, Linderman answered. He wanted Kelly to come pick him up and talk. Kelly reminded Linderman of the no contact order. He said he thought it was only for her children from a prior relationship, but she pointed out that it was for her. Kelly was not at home at the time, but she said he could go to the marital house to pick up some personal items. Kelly told Linderman he could not stay at the house.

[10] When she returned to the house with her daughter and a cousin later on that same day, Linderman was in the fenced-in yard. He was angry to see that Kelly was not alone. Eventually, Kelly's companions left. Kelly repeatedly asked Linderman to gather his personal items and leave, but he refused. Instead, he

stayed at the house until the police arrived on November 2, leaving only once on November 1 to go get dinner with Kelly and his son. After returning home from the dinner, Linderman drank heavily, yelled at Kelly, and repeatedly prevented her from calling 911 until she finally succeeded.

[11] This is ample evidence from which the jury could have determined beyond a reasonable doubt that Linderman knowingly or intentionally violated the no contact order—first, by contacting her telephonically through an intermediary, and second, by coming to the house and refusing to leave. *See Dixon v. State*, 869 N.E.2d 516 (Ind. Ct. App. 2007) (invasion of privacy conviction affirmed where officer made defendant aware of a protective order against him, but defendant later returned to the protected person's residence).

[12] Linderman claims Kelly told him he could stay at the house and that he thought the no contact order applied only to Kelly's children. This argument is a request to reweigh the evidence. Linderman further claims he believed in good faith that he did not violate the protective order because Kelly allowed him to come to the house. He thus raises a mistake of fact defense.

[13] Pursuant to statute, "it is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense." Ind. Code § 35-41-3-7 (1977). When the State has made a prima facie case of guilt, the burden shifts to the defendant to establish three elements: (1) the mistake is honest and reasonable; (2) the mistake was about a matter of fact; and (3) the

mistake negates the culpability required to commit the crime. *Chavers v. State*, 991 N.E.2d 148 (Ind. Ct. App. 2013), *trans. denied*. We look only to the evidence and reasonable inferences supporting the judgment, and we will not disturb the finder of fact's credibility determinations. *Id.*

[14] Any mistake by Linderman was not honest or reasonable. He signed the protective order and indicated that he had read it. It explicitly stated: "If so ordered by the court, the respondent is forbidden to enter or stay at the petitioner's residence or residence of any child who is the subject of this order, even if invited to do so by the petitioner or any other person." State's Ex. 1. The order lists Kelly, not her children, as the subject of the no contact order. Moreover, though Kelly allowed Linderman to come to the house to gather personal items, she told him: (1) the no contact order was for her, not her children; and (2) he would not be allowed to stay at the house. Based on the plain language of the order and Linderman's testimony, the jury appropriately rejected his claim that he was mistaken as to the order's terms.

## Conclusion

[15] For the reasons stated above, we affirm the judgment of the trial court.

[16] Affirmed.

Najam, J., and Bailey, J., concur.